JUSTICE COTTER
dissents.
¶28 In Heck v. Humphrey, a portion of which is set forth in ¶ 22 of the Court’s opinion, the United States Supreme Court held that if the District Court determines that the plaintiffs action, even if successful, would not demonstrate the invalidity of his outstanding criminal conviction, then a § 1983 action should be allowed to proceed, unless there is some other bar to the suit. Heck, 512 U.S. at 486-87, 114 S.Ct. 2364. Here, even if Brown was successful in his action, his outstanding criminal judgment would not in any sense be invalidated.
¶29 As in Neil v. Shimoda, cited by this Court at ¶ 24, the only benefit *112 Brown might receive if his § 1983 cause of action was successful, would be a possible advancement of his opportunity to appear before the Parole Board. This brings his case squarely within the Neil v. Shimoda holding. I would therefore reverse the holding of the District Court that Brown failed to state a cognizable cause of action under 42 U.S.C. 1983.
JUSTICE TRIEWEILER joins in the foregoing dissent.